DONOVAN & DONOVAN
Casey Donovan, Esq.
California State Bar Number 182442
The Senator Building
105 West F Street, Fourth Floor
San Diego, California 92101
Telephone: (619) 696-8989

Attorney for Defendant Mark Alan Kountz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HON. ROGER T. BENITEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR 0511-BEN |
| Plaintiff, | Date: April 21, 2008 |
| v. | Time: 2:00 P.M. |
| MARK ALAN KOUNTZ, (5) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on materials received from the government. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

On or about February 22, 2008, the government filed a the government unsealed an indictment naming seven (7) defendants, in (6) six counts, alleging conspiracy to engage in a conspiracy to distribute Oxycodone and Hydrocodone Bitartrate, 21 U.S.C. 841(a) and 846, and five substantive counts alleging distribution of Oxycodone and Hydrocodone bitartrate, 21

1  U.S.C. 841(a)(1), and 18 U.S.C. 2, as well as forfeiture allegations. Mr. Mark Alan Kountz was
2  the 5th named defendant and was charged only in count 1 of the six (6) count indictment,
3  charging the conspiracy to distribute oxycodone and hydrocodone bitartrate. Mr. Kountz was
4  arrested at his residence in San Diego, California, on March 6, 2008, and brought to court on the
5  warrant from this case. He is presently out on $35,000 bond secured by real property.

6  The government has so far turned over no discovery aside from the indictment itself. As
7  of the time of this motion individual discovery as to Mr. Kountz, including any statements he
8  may have made, and any criminal history record, has not been turned over to counsel. Counsel
9  has spoken to Mr. Timothy F. Salel, the Assistant United States Attorney handling this matter,
10 who has informed counsel this information will be turned over in the near future.

## II.

## MOTION TO COMPEL DISCOVERY

Mr. Kountz moves for the production by the government of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989):

**A.   Mr. Kountz is Entitled to Discovery of His Statements.**

Pursuant to Rule 16(a)(1)(A), Brady v. Maryland, 373 U.S. 83 (1963), and the Fifth and Sixth Amendments to the United States Constitution, Mr. Kountz requests disclosure of any statements, whether oral, written, or recorded made by him which are in the possession, custody, or control of the government, or which by the exercise of due diligence may become known to the government, regardless of to whom made. This includes copies of any written or recorded statements he made; the substance of any statements made by Mr. Kountz which the government intends to offer in evidence at trial. Mr. Kountz also specifically requests that all arrest reports which relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is

1  not limited to, any rough notes, records, recordings (audio or visual), reports, transcripts or other
2  documents in which statements of Mr. Kountz are contained. Mr. Kountz is also requesting any
3  statements she is alleged to have made during any arrest or detention, whether or not charged in
4  state court and which is connected in any way to the conspiracy charged herein,   It also includes
5  the substance of any oral statements which the government intends to introduce at trial, and any
6  written summaries of the defendant's oral statements contained in the handwritten notes of the
7  government agent. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v.
8  Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975);
9  United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791
10 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867
11 (1968). Mr. Kountz also requests any response to any Miranda warnings which may have been
12 given to him, on the date of his arrest. See United States v. McElroy, 697 F.2d 459 (2d Cir.
13 1982). This request includes all statements made by Mr. Kountz to state officials as well or any
14 individuals whom are cross-designated.

16 **B.**     Prior Convictions or Prior Similar Acts.
17      Rule 16(a)(1)(B) of the Fed. R. Crim. P., provides that "upon request of the defendant, the
18 government shall furnish to the defendant such copy of his prior criminal record, if any, as is
19 within the possession, custody, or control of the government . . . ." Mr. Kountz, therefore,
20 requests all evidence, documents, records of judgments and convictions, photographs and
21 tangible evidence, and information pertaining to any prior arrests and convictions or prior bad
22 acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior
23 similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609;
24     Mr. Kountz also requests the government be ordered to provide discovery of any prior
25 similar acts which the government intends to introduce into evidence pursuant to Fed. R. Evid.
26 404(b). Mr. Kountz must have access to this information in order to make appropriate motions
27 to exclude the use of such evidence at trial. See United States v. Cook, 608 F.2d 1175 (9th Cir.
28 1979), cert. denied, 444 U.S. 1034 (1980).

Mr. Kountz requests a pre-trial conference on the morning of trial in order to resolve any issues raised by the government's intention of introducing evidence pursuant to Fed. R. Evid. 404 and 609.

**C.**  <u>Mr. Kountz is Entitled to Examine the Evidence the Government Intends to Rely Upon at Trial</u>.

Rule 16(a)(1)(C) authorizes a defendant to inspect and copy or photograph all books, papers, documents, photographs, and tangible objects which are in the possession, custody or control of the government and which are material to the preparation of the defense or intended for use by the government as evidence in it case during trial.

(1) Specifically, Mr. Kountz requests the opportunity to inspect and photograph all evidence seized from Mr. Kountz, all fingerprint analysis done on any of the evidence in this case, all identification procedures utilized by the government agents;

(2) The defense requests all evidence seized as a result of any search, either warrantless or with a warrant, in this case.  This is available under Fed. R. Crim. P. 16(a)(1)(C); and any books, papers, documents, photographs, tangible objects, or copies or portions thereof which the government intends to use as evidence-in-chief at trial;

(3) Mr. Kountz requests all arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Kountz. These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I). Mr. Kountz specifically requests that all dispatch tapes or any other audio or visual tape recordings, including the transcripts and recordings of any wiretapped conversations, which exist and which relate in any way to his case and or his arrest be preserved and provided in their entirety; and

(4) Mr. Kountz requests all other documents and tangible objects, including clothing, notes, books, papers, documents, photographs, and copies of any such items which were obtained from or belong to Mr. Kountz.

(5) The defense requests all photographs, video tapes or other material used to memorialize the surveillance done in this case.

1  **D.    Mr. Kountz is Entitled To All Evidence Tending To Affect The Credibility of The
2          Prosecution's Case.**

3          Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97
4  (1976), and Giglio v. United States, 405 U.S. 150 (1972), Mr. Kountz requests the Court to
5  order the government to immediately disclose all evidence in its possession favorable to Mr.
6  Kountz on the issue of guilt and which tends to affect the credibility of the prosecution's case.
7  This request specifically includes any impeaching evidence such as the prior records, of any
8  material witnesses in this case. This request also includes any expressed or implied promises
9  made by the government to any material witnesses in exchange for their testimony in this case.
10 See, e.g., United States v. Bagley, 473 U.S. 667 (1985); Napue v. Illinois, 360 U.S. 264 (1959);
11 United States v. Gerard, 491 F.2d 1300 (9th Cir. 1974).

12         The defense requests any and all evidence including but not limited to:

13         (1) any evidence that any prospective government witness is biased or prejudiced against
14 the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie,
15 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir.), cert. denied, 489 U.S.
16 1032 (1988); United States v. Brumel-Alvarez, 991 F.2d 1452 (9th Cir. 1992) (Ninth Circuit
17 Court reversed Judge Enright for failure to turn over the "Levine Memorandum" which contained
18 information critical about a government witness);

19         (2) any evidence that any prospective government witness has engaged in any criminal act
20 whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence and Brady;
21 any evidence that any prospective witness is under investigation by federal, state or local
22 authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert.
23 denied, 474 U.S. 945 (1985);

24         (3) any evidence, including any medical or psychiatric report or evaluation, tending to
25 show that any prospective witness' ability to perceive, remember, communicate, or tell the truth
26 is impaired; and any evidence that a witness has ever used narcotics or other controlled
27 substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988);
28 Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

1     (4) the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. (1979) (defense has equal right to talk to witnesses).

    (5) the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d, 1453 (9th Cir. 1984);

    (6) the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify her or who was unsure of her identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

**E.    Mr. Kountz is Entitled to Any Information That May Result in a Lower Sentence Under The Guidelines.**

    This information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines;

**F.    The Defense Requests the Preservation of All Evidence.**

    The defendant specifically requests that all audio or video tapes, wiretap conversations, such as dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the

1  events leading to the arrest in this case or in the other charges alleged in the indictment be
2  preserved.  This request includes, but is not limited to, any samples (including but not limited to
3  blood, urine, fingerprints or narcotics) used to run any scientific tests, any narcotics, and any
4  evidence seized from any third party.
5      It is requested that the government be ordered to <u>question</u> all the agencies and individuals
6  involved in the prosecution and investigation of this case to determine if such evidence exists,
7  and if it does exist to inform those parties to preserve any such evidence;

9  **G.**    <u>The Defense Requests All Jencks Material</u>.
10     The defense requests all material to which Defendant is entitled pursuant to the Jencks
11 Act, 18 U.S.C. § 3500, reasonably in advance of trial, including audio and visual tape recordings,
12 such as dispatch tapes, recordings of any wiretapped conversations or consensual taped
13 conversations,  and all notes or reports with regard to his preparation for testifying.  A verbal
14 acknowledgment that "rough" notes constitute an accurate account of the witness' interview is
15 sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  <u>Campbell v.</u>
16 <u>United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir.
17 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the
18 interview the notes are then subject to the Jencks Act;

20 **H.**    <u>Mr. Kountz requests all other information relevant to his defense</u>.
21     The defendant requests disclosure of evidence including but not limited to the following:
22     (1) Any statement that may be "relevant to any possible defense or contention" that he
23 might assert.  <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982);
24     (2)  Notice and a Written Summary of Any Expert
25 Testimony.
26     Under Rule 16(a)(1)(E), effective December 1, 1993, "[a]t the defendant's request, the
27 government shall disclose to the defendant a written summary of testimony the government
28 intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-

1  chief at trial. This summary must describe the witness' opinions, the basis and the reasons
2  therefore, and the witness' qualifications."
3        Mr. Kountz specifically requests the government give him a written summary and notice
4  of any expert testimony the government intends to introduce;
5        (3) <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the
6  defendant requests all statements and/or promises express or implied made to any government
7  witnesses, in exchange for their testimony in this case, and all other information which could
8  arguably be used for the impeachment of any government witnesses; and
9        (4) <u>Henthorn Search</u>. The defense requests that the prosecutor or some other attorney
10 familiar with the case be ordered to examine the personnel files for evidence of perjurious
11 conduct or other like dishonesty, or any other material relevant to impeachment, or any
12 information that is exculpatory to Ms. De La Cruz and that material be provided to the defense.
13 <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Dominguez-Villa</u>, 954
14 F.2d 562 (9th Cir. 1992).
15       (5) Reports of Scientific Tests or Examinations
16       Pursuant to Fed. R. Crim. P. 16(D), Mr. Kountz requests the reports of all tests and
17 examinations conducted upon the evidence in this case, including but not limited to any
18 **fingerprint testing** done upon any evidence seized in this case;
19       (6) <u>Brady Material</u>
20       The defendant requests all documents, statements, agents' reports, and tangible evidence
21 favorable to the defendant on the issue of guilt and/or **which affects the credibility** of the
22 government's case. Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition
23 of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States</u>
24 <u>v. Agurs</u>, 427 U.S. 97 (1976);
25       (7)    <u>Personnel Records of Government Officers Involved in the Arrest</u>
26       The defendant requests all citizen complaints and other related internal affairs documents
27 involving any of the immigration officers or other law enforcement officers who were involved
28 in the investigation, arrest and interrogation of him, pursuant to <u>Pitchess v. Superior Court</u>, 11

Cal.3d 531, 539 (1974). Because of the sensitive nature of these documents, the government is the only source for obtaining these documents.

### III.

### THE GOVERNMENT MUST GIVE NOTICE OF THE GENERAL NATURE OF ANY EVIDENCE IT WILL ATTEMPT TO OFFER UNDER FED. R. EVID. 404(b)

Under the amendments to Fed. R. Evid. 404(b), which became effective December 1, 1991, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to investigate and prepare for trial.

### IV.

### MR. KOUNTZ SHOULD BE GIVEN ATTORNEY CONDUCTED VOIR DIRE

Under Fed. R. Crim. P. Rule 24(a), "the court may permit the defendant or the defendant's attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination . . . ."

This case involves the possession for purposes of distribution of oxycodone and hydrocone bitartrate. It is the experience of counsel for Mr. Kountz that prospective jurors in the Southern District of California have often had strong reaction to individuals charged with narcotic offenses.

### V.

### MOTION FOR PERMISSION TO JOIN IN MOTIONS OF THE CO-DEFENDANT.

The defendant Kountz requests permission to join in all motions of the co-defendants not inconsistent with the rights of the defendant in this matter.

## VI.

## MR. KOUNTZ REQUESTS LEAVE TO FILE FURTHER MOTIONS

As noted above at the time of preparation of these motions, Mr. Kountz and defense counsel has received no [0] pages of discovery from the government. Counsel has not yet received much of the pertinent discovery as to Mr. Kountz which would form the basis to move to suppress either statements, physical evidence, or both.

It is also anticipated the defense will be submitting future motions with regard to a motion for severance. However, it will be necessary to review the discovery in order to determine which specific motions will be required.

It is therefore requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the court grant the above motions.

DATED: April 3, 2007                    Respectfully submitted,

                                         S/ Casey Donovan

                                        **CASEY DONOVAN**
                                        Attorney for Defendant Kountz

kountz,mark-discmn

DONOVAN & DONOVAN
Casey Donovan
Attorney at Law
The Senator Building
105 West F. Street - 4th floor                    U.S.D.C. No.08-CR-0511(BEN)
San Diego, CA 92101

## DECLARATION OF SERVICE

I, undersigned, say: I am over 18 years of age, employed in the County of San Diego, California, in which county the within mentioned delivery occurred, and not a party to the subject cause. My business address is 105 West F. Street, San Diego, California. I served the Defendant's Notice of Motion, Motion and Memorandum of Points and Authorities, of which a true and correct copy of the documents filed in this cause is affixed, by electronic filing to:

Timothy F. Salel, Assistant U.S. Attorney
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92188

The electronic filing was done by me at San Diego, California, on April 3, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 3, 2008 at San Diego, California.

                                S/ Casey Donovan
                                Casey Donovan