KAREN P. HEWITT
United States Attorney
TIMOTHY F. SALEL
Assistant United States Attorney
California Bar No. 163597
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6074
Facsimile: (619) 557-3445
E-mail: timothy.salel@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0511-BEN |
|---|---|---|
| Plaintiff, | ) | DATE: April 21, 2008 |
|  | ) | TIME: 2:00 p.m. |
| v. | ) |  |
|  | ) | GOVERNMENT'S RESPONSE AND |
| MARK ALAN KOUNTZ (5), | ) | OPPOSITION TO DEFENDANT'S |
|  | ) | MOTIONS TO: |
| Defendant. | ) | (1) COMPEL DISCOVERY; |
|  | ) | (2) COMPEL 404(b) NOTICE; |
|  | ) | (3) ALLOW ATTORNEY VOIR DIRE; |
|  | ) | (4) JOIN OTHER MOTIONS; AND |
|  | ) | (5) GRANT LEAVE TO FILE FURTHER MOTIONS. |
|  | ) | TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES AND THE GOVERNMENT'S MOTION TO: |
|  | ) | (1) COMPEL PRODUCTION OF RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Timothy F. Salel, Assistant United States Attorney, and hereby files its response and opposition to the above-referenced motions.

As discussed further, the Government will comply with all discovery obligations -- including those governed by Rule 16 of the Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. § 3500), and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) -- and anticipates that most, if not all, discovery issues can be resolved amicably and informally. The Government has no objection to the Court granting leave to file further motions based on new information and requests reciprocal discovery.

# I

# STATEMENT OF FACTS

On February 22, 2007, Defendant MARK ALAN KOUNTZ was indicted by a federal grand jury and charged in Criminal Case No. 08CR0511-BEN with conspiracy to distribute hydrocodone bitartrate and oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant pled not guilty to the charge in the Indictment and the Government is in the process of complying with its discovery obligations in this case and other related cases.

# II

# DISCOVERY OBLIGATIONS

**A.   Defendant's Statements**

The Government recognizes its obligation under Rules[1] 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. This includes all recorded statements made by Defendant. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided to Defendant.

The Government has no objection to the preservation of any handwritten notes taken by any of the agents. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially

---

[1] Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

1  verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness.
2  United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980).  It is unclear whether any rough notes
3  in this case constitute "statements" in accordance with the Jencks Act.  See United States v. Ramirez,
4  954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where
5  notes were scattered and all the information contained in the notes was available in other forms).  Any
6  notes would not be Brady material if the notes do not present any material exculpatory information, or
7  any evidence favorable to Defendant that is material to guilt or punishment.  Brown, 303 F.3d at 595-96
8  (rough notes were not Brady material because the notes were neither favorable to the defense nor
9  material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994)
10 (mere speculation that agents' rough notes contained Brady evidence was insufficient).  If the
11 Government determines that the rough notes are discoverable under Rule 16, the Jencks Act, or Brady,
12 the rough notes will be provided to Defendant.

13 **B.     Prior Convictions or Prior Similar Acts**

14 The Government will disclose in advance of trial, the general nature of any "other bad acts"
15 evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b).  The
16 Government will comply with any notice and discovery requirements for prior convictions that may be
17 admissible for impeachment purposes pursuant to Rule 609.  However, the Government notes that
18 evidence should not be treated as "other bad acts" evidence under Fed. R. Evid. 404(b) when the
19 evidence concerning the other bad acts and the evidence concerning the crime charged are "inextricably
20 intertwined."  See United States v. Soliman, 812 F.2d 277, 279 (9th Cir. 1987).

21 **C.     Evidence To Be Introduced in its Case-in-Chief**

22 The Government will comply with Rule 16(a)(1)(E)(ii) in allowing Defendant an opportunity,
23 upon reasonable notice, to examine, inspect, and copy all documents and tangible objects seized that
24 is within its possession, custody, or control, and that is either material to the preparation of Defendant's
25 defense, or is intended for use by the United States as evidence during its case-in-chief at trial, or was
26 obtained from or belongs to Defendant.  Furthermore, in its trial memorandum, the Government will
27 provide defendant with a non-exhaustive list of evidence that it intends to introduce in its case-in-chief.
28 The Government will comply with Rule 16(a)(1)(E)(ii) and allow defendant to inspect and copy items

to be introduced in its case-in-chief.

**D.     Evidence Tending To Affect the Credibility of the Prosecution's Case**

The Government will perform its duty under Brady to disclose material exculpatory information or evidence favorable to Defendant  when such evidence is material to guilt or punishment.  The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc).  The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam).  Under Brady, the Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999) amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001).   Brady does not require the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

The Government recognizes its obligation under Brady and Giglio to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to falsify or distort his or her testimony and material evidence that could

1  be used to impeach Government witnesses. The Government also recognizes its obligation under <u>Brady</u>
2  and <u>Giglio</u> to provide material evidence that could be used to impeach Government witnesses including
3  material information related to perception, recollection, ability to communicate, or truth telling.

4        The Government strenuously objects to providing any evidence that a witness has ever used
5  narcotics or other controlled substance, or has ever been an alcoholic because such information is not
6  discoverable under Rule 16, <u>Brady</u>, <u>Giglio</u>, <u>Henthorn</u>, or any other Constitutional or statutory disclosure
7  provision. The Government also strenuously objects to providing the home addresses or the home or
8  personal cellular telephone numbers of prospective witnesses and non-testifying witnesses to Defendant.
9  In non-capital cases, the Government is not even required to disclose the names of its witnesses prior
10 to trial. <u>United States v. Dishner</u>, 974 F.2d 1502, 1522 (9th Cir 1992); (<u>citing</u> <u>United States v. Steel</u>,
11 759 F.2d 706, 709 (9th Cir. 1985)); <u>United States v. Hicks</u>, 103 F.23d 837, 841 (9th Cir. 1996); <u>see</u> <u>also</u>
12 <u>United States v. Bejasa</u>, 904 F.2d 137 (2d Cir. 1990)(United States did not improperly deny defendant
13 access to government witnesses whose telephone numbers and addresses the government refused to
14 provide because defendant knew the identities of the government witnesses and presumably knew their
15 telephone numbers or could have contacted them through the exercise of due diligence) . Nevertheless,
16 in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it
17 intends to call in its case-in-chief, although delivery of such a witness list is not required. <u>See</u> <u>United</u>
18 <u>States v. Discher</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir.
19 1987).

20 **E.    Information That May Result in a Lower Sentence Under the Guidelines**

21       The Government will provide Defendant with all <u>Brady</u> material that may result in mitigation
22 of Defendant's sentence. Nevertheless, the Government is not required to provide information bearing
23 on Defendant's sentence until after Defendant's conviction or guilty plea and prior to his sentencing
24 date. <u>See</u> <u>United States v. Juvenile Male</u>, 864 F.2d 641, 647 (9th Cir. 1988)(No <u>Brady</u> violation occurs
25 "if the evidence is disclosed to the defendant at a time when the disclosure remains in value").

26 **F.    Request for Preservation of Evidence**

27       The Government recognizes that the Constitution requires the Government to preserve evidence
28 "that might be expected to play a significant role in the suspect's defense." <u>California v. Trombetta</u>, 467

U.S. 479, 488 (1984).  To require preservation by the Government, such evidence must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means."  Id. at 489; see also Cooper v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001).   The Government will make every effort to preserve evidence it deems to be relevant and material to this case.

**G.     Jencks Act Material**

Rule 26.2 incorporates the Jencks Act, 18 U.S.C. § 3500, into the Federal Rules of Criminal Procedure. The Jencks Act requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. §  3500(b).  For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).   If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991)(citing Goldberg v. United States, 425 U.S. 94, 98 (1976)).

**H.     All Other Information Relevant to His Defense**

The Government will provide all information relevant to Defendant as required by Rule 16, Brady, and Jencks.  The Government is required to produce all possible information and evidence regarding any speculative defense claimed by Defendant.  Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

As noted, the Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.  This shall include the expert witnesses' qualifications, the expert witnesses opinions, the bases and reasons for those opinions.

1	The Government recognizes that an agreement that the Government makes with a witness for
2	testimony in exchange for money or in exchange for favorable treatment in the criminal justice system
3	is generally subject to disclosure as impeachment evidence under <u>Brady</u> and <u>Giglio</u>.  <u>See</u> <u>United States</u>
4	<u>v. Kojayan</u>, 8 F.3d 1315, 1322-23 (9th Cir. 1993); <u>Benn v. Lambert</u>, 238 F.3d 1040, 1054-60 (9th Cir.
5	2002).  Any discoverable <u>Giglio</u> information will be provided to Defendant.

6	The Government will comply with <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and
7	request that all federal agencies involved in the criminal investigation and prosecution review the
8	personnel files of the federal law enforcement inspectors, officers, and special agents whom the United
9	States intends to call at trial and disclose information favorable to the defense that meets the appropriate
10	standard of materiality.  <u>United States v. Booth</u>, 309 F.3d 566, 574 (9th Cir. 2002)(<u>citing</u> <u>United States</u>
11	<u>v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992).   If the undersigned Assistant U.S. Attorney is
12	uncertain whether certain incriminating information in the personnel files is "material," the information
13	will be submitted to the Court for an <u>in</u> <u>camera</u> inspection and review.

14	The Government will provide Defendant with any reports of any tests or examinations in
15	accordance with Rule 16(a)(1)(F).  This includes the DEA laboratory reports (Form DEA 7) regarding
16	the analysis of the drugs seized in this case.

17	The Government will perform its duty under <u>Brady</u> to disclose material exculpatory information
18	or evidence favorable to Defendant  when such evidence is material to guilt or punishment.

19	Defendant is not entitled to any evidence that a prospective witness is under criminal
20	investigation by federal, state, or local authorities.  The Government is under no obligation to turn over
21	the criminal records or rap sheet of its potential witnesses.  <u>United States v. Taylor</u>, 542 F.2d 1023, 1026
22	(8th Cir. 1976).  The Government will, however, provide the conviction record, if any, which could be
23	used to impeach witnesses the Government intends to call in its case-in-chief.

24	**III**

25	**Notice of Other Act Evidence Under Rule 404(b)**

26	The Government will disclose in advance of trial, the general nature of any "other bad acts"
27	evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b).  However,
28	the Government notes that evidence should not be treated as "other bad acts" evidence under Fed. R.

Evid. 404(b) when the evidence concerning the other bad acts and the evidence concerning the crime charged are "inextricably intertwined." See United States v. Soliman, 812 F.2d 277, 279 (9th Cir. 1987).

## IV

## **Attorney Conducted Void Dire**

The Government defers to the Court regarding the extent of any attorney conducted voir dire.

## V

## **Leave To Join In Motions of Co-Defendants**

The Government has no objection to Defendant joining in the motions of the co-defendants to the extent the motions are relevant.

## VI

## **GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY**

### A.   **All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

Since the Government will honor Defendant's requests for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom he intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**B.     Reciprocal Jencks – Statements By Defense Witnesses**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by a defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

### IV

### CONCLUSION

For the reasons stated herein, the Government respectfully requests that this Court deny Defendant's motions to compel production of discovery and grant leave to file further motions, except where unopposed, and grant the Government's motion to compel production of reciprocal discovery.

Dated: April 14, 2008            Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*/s/ TIMOTHY F. SALEL*
TIMOTHY F. SALEL
Assistant U.S. Attorney

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0511-BEN |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| MARK ALAN KOUNTZ (5), | ) | |
| Defendants. | ) | |

IT IS HEREBY CERTIFIED that:

I, Timothy F. Salel, am a citizen of the United States over the age of 18 years and a resident of San Diego County, CA; my business address is 880 Front Street, San Diego, CA 92101-8893; I am not a party to the above-entitled action.

I have caused service of **Government's Response and Opposition To Defendant's Motions To Compel Production of Discovery, To Compel Notice of Other Act Evidence, To Allow Attorney Conducted Voir Dire, To Grant Leave To Join Motions of Co-Defendants**, on the following party, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following parties at the following e-mail addresses:

Casey J. Donovan, Jr. @ donovan2donovan@hotmail.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 14, 2008          /s/ *TIMOTHY F. SALEL*
                                  TIMOTHY F. SALEL
                                  Assistant U.S. Attorney
                                  E-mail: timothy.salel@usdoj.gov

08CR0511-BEN